CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 31, 2019

LETTER TO COUNSEL

    RE:    *Letitia L. v. Commissioner, Social Security Administration*
              Civil No. DLB-18-3982

Dear Counsel:

On December 27, 2018, Plaintiff Letitia L. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF 15, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on March 30, 2015, alleging a disability onset date of February 18, 2014. Tr. 170-77. Her claim was denied initially and on reconsideration. Tr. 104-07, 113-14. A hearing was held on September 11, 2017, before an Administrative Law Judge ("ALJ"). Tr. 35-80. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-22. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "disorders of the lumbar spine, and arthritis of the bilateral knees." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she requires an option to sit and stand every 30-60 minutes, she can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and she can occasionally balance, stoop, kneel, crouch, and crawl.

Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a short order cook, fast food manager, kitchen helper, or cook, but could perform other jobs existing in significant numbers in the national economy. Tr. 21-22. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 22.

Plaintiff raises one primary argument on appeal: that the ALJ did not provide an adequate analysis of Listing 1.04A at step three. ECF 14-1 at 10. I agree that the ALJ's step three analysis was inadequate, and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff specifically argues that the ALJ's evaluation of Listing 1.04A failed to comply with Fourth Circuit precedent. For support, Plaintiff cites to *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986); *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013); *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015); and *Brown v. Colvin*, 639 F. App'x 921 (4th Cir. 2016). ECF 14 at 10-12.

In *Fox v. Colvin*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's determination of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. 632 F. App'x 750 (4th Cir. 2015). To understand why remand is warranted in Plaintiff's case, some background is useful. At step three of the sequential evaluation, an ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). Listings 1.00 *et. seq.* through Listings 11.00, *et. seq.*, Listings 13.00 *et. seq.*, and Listings 14.00 *et. seq.*, pertain to physical impairments. Each physical impairment listing contains a set of signs or objective medical findings that must be present for the claimant's impairment to meet the listing.

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

632 F. App'x at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford*, 734 F.3d at 295). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "offered

nothing to reveal *why* he was making his decision." *Id*. (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not the Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The *Fox* Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

> Here, the ALJ's step three analysis is as follows:
>
> The claimant does not have compromise of a nerve root or spinal cord with evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication (see MRIs at Exhibits 1F at 2, 11F at 117, and 16F at 7). Furthermore, the claimant does not have a gross anatomical deformity resulting in an inability to ambulate effectively or perform fine and gross movements of [sic] effectively (see normal gait at Exhibits 1F at 15, 2F at 33 and 36, 4F at 7, 7F at 4 and 1, 11F at 41, 45,50, 62,67,78, 90, 100, 104, and 111, and 18F at 24, 15, 11, 7, and 3). Therefore, it is found the severity of the claimant's impairments do not meet or equal the level of severity of an impairment described [sic] section 1.04 (disorders of the spine), and section 1.02 (major dysfunction of a joint) or any other section of Appendix 1, Subpart P, Regulations No. 4.

Tr. 16-17. Despite including citations to the record, this analysis is similar to the analysis that was found lacking in *Fox*. To meet Listing 1.04A, a claimant must first establish a disorder of the spine that results in the compromise of a nerve root and additionally show:

> Evidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04A.[1] In her step three analysis, the ALJ dismissed all three subsections of Listing 1.04 by citing to Plaintiff's MRI results and concluding that "[t]he

---

[1] The other two subsections of Listing 1.04 also require the claimant to first establish a disorder of the spine resulting in the compromise of a nerve root, along with either:

> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> OR

claimant does not have compromise of a nerve root or spinal cord with evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication." Tr. 16.

The Commissioner contends that remand is not warranted because "[e]ven if the ALJ's explanation of her step-three finding were found wanting, [Plaintiff] nevertheless has failed to satisfy her burden of proving that any error is harmful." ECF 16-1 at 6. The Commissioner does not dispute whether Plaintiff met the threshold requirement of Listing 1.04 establishing a disorder of the spine that results in the compromise of a nerve root. The Commissioner, instead, argues that Plaintiff has not demonstrated, and the record does not support, a finding that she met the "remaining Listing 1.04A requirements." ECF 16-1 at 6 ("The evidentiary record consistently demonstrates that [Plaintiff] had normal motor strength and grossly intact reflexes and sensation.").

Crediting the Commissioner's argument would require this Court to "review the record and cure the ALJ's deficienc[ies]," which *Fox* explicitly precludes. 632 F. App'x at 755. *Fox* and its progeny instruct that "it is not [the court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* While the Fourth Circuit noted that "[i]nconsistent evidence abound[ed]" in *Fox*, it did not base its holding on any conflict in the evidence of record. *Id.* Rather, the Fourth Circuit emphasized that a court is unable to conduct meaningful review where an ALJ fails to provide "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (citing *Radford*, 734 F.3d at 295). Likewise, in *Brown v. Colvin*, the Fourth Circuit explicitly declined "the Commissioner's invitations to review the medical record *de novo* to discover facts to support or refute the ALJ's finding at Step Three" and held that "it was error for the district court to do so." 639 F. App'x at 923. While the Fourth Circuit indicated that the record in *Brown* was "not so one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated," this was not the Fourth Circuit's only reason for remand. *Id.* Instead, the Fourth Circuit cited *Radford* in remanding the case "to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review in the event the case returns to us." *Id.* (citing *Radford*, 734 F.3d at 296).

Because the ALJ here did not provide a reviewable analysis, I would have to review the medical record *de novo* to assess whether the remaining criteria of Listing 1.04A are met. I decline to do so in light of the Fourth Circuit's clear directives in *Radford,* and equally clear but non-binding decisions in *Fox* and *Brown*. The Commissioner's argument that any error here is harmless must fail. *Fox* and its progeny preclude a "harmless error" analysis by prohibiting a *de novo* review of the record to see whether evidence supporting a listing is contained therein. Accordingly,

---

> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04.

remand is warranted for the ALJ to provide an explanation of her application of Listing 1.04A to Plaintiff's case.

The Commissioner further implies that the ALJ's opinion, as a whole, cures any defect at step three. ECF 16-1 at 6. While the ALJ included some discussion of Plaintiff's treatment records regarding her lumbar spine, Tr. 18-20, the ALJ's opinion does not contain an assessment of the criteria set forth in Listing 1.04A. Fourth Circuit precedent does not permit this Court to engage in a broad review of the record evidence in the first instance. The *Fox* Court found fault in the ALJ's analysis because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment." 632 F. App'x at 755. Thus, regardless of whether there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding Plaintiff's severe impairments. Furthermore, that duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."); *but see Fox*, 632 F. App'x at 755 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.' As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted). Here, as in *Fox*, the ALJ failed to apply the requirements of relevant listings to the medical evidence at any point in the decision.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15 is DENIED, and Defendant's Motion for Summary Judgment, ECF 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                          Sincerely yours,

                                          /s/

                                        Deborah L. Boardman
                                        United States Magistrate Judge